UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| SANDRA JONES and<br>BARRY WESLEY JONES,<br><br>    Plaintiffs,<br><br>V.<br><br>TROOPER NICHOLAS HALE, in his<br>individual capacity as a Kentucky State<br>Trooper; and<br>KENTUCKY STATE POLICE<br><br>    Defendants. | Civil No. 3:19-cv-00016-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on a motion to dismiss filed by Defendant Kentucky State Police. Plaintiffs Sandra Jones and her husband, Barry Wesley Jones, seek damages after the arrest of Ms. Jones resulted in substantial physical injury. However, the claims against the Kentucky State Police are barred by sovereign immunity. Therefore, the motion to dismiss is **GRANTED,** and all claims in this matter against the Kentucky State Police are **DISMISSED**.

**I**

On or about February 20, 2018, Trooper Nicholas Hale became involved in a verbal altercation with Plaintiff Sandra Jones. [R. 1-2 at 2.] When Ms. Jones did not calm down, Trooper Hale placed her under arrest and attempted to handcuff her. *Id*. at 4. According to Trooper Hale, he "continued trying to gain compliance and she started swinging her hands," hitting his neck and scratching him. *Id*. He then performed a "leg sweep," knocking Ms. Jones to the ground and causing serious physical injury. *Id.* Ms. Jones was first transported to TJ Samson Hospital for treatment, then she was released and transported to jail. *Id*. at 4–5.

Ms. Jones, along with her husband, Barry Wesley Jones, sued the Kentucky State Police as well as Trooper Nicholas Hale in his individual capacity in Franklin Circuit Court in Frankfort, Kentucky. [R. 1-2 at 2.] In her complaint, she seeks compensatory and punitive damages for violations of 442 U.S.C. § 1983, excessive force, assault, battery, and negligence, while Mr. Jones seeks compensatory damages for loss of consortium. *Id*. at 5–7.

Defendants removed this action for original jurisdiction, based on the alleged violations of 42 U.S.C. §1983.[1] [R. 1 at 1–2.] Immediately thereafter, the Kentucky State Police filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). [R. 5.] Neither Ms. Jones nor Mr. Jones responded to this motion. The time to file such a response has now expired. LR 7.1(c).

## II

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may assert lack of subject-matter jurisdiction as a defense. A motion to dismiss under Rule 12(b)(1) is different from a motion to dismiss under Rule 12(b)(6) because it challenges the Court's power to hear the case before it. When jurisdiction is challenged under this rule, the burden is on the plaintiff to prove that jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). In answering this question, the Court is "empowered to resolve factual disputes" and need not presume that either parties' factual allegations are true. *Id*.

The Kentucky State Police contend that the Court has no subject matter jurisdiction over

---

[1] Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction for matters "arising under the Constitution, laws, or treaties of the United States." This case was removed pursuant to 28 U.S.C. § 1441(a) because the Court has original jurisdiction over claims arising under 42 U.S.C. § 1983. Accordingly, the Court finds removal proper. In addition to her sole federal law claim, Ms. Jones and Mr. Jones allege six Kentucky law causes of action. [R. 1-2.] A federal court can maintain pendant jurisdiction over state law claims if both the state and federal claims derive from a common nucleus of operative fact and if the plaintiff would be expected to try all of her claims in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Because these claims all relate to a single altercation and the Plaintiffs would be expected to try all of their claims in one proceeding, the Court finds pendant jurisdiction over the state law claims proper.

the official capacity claims because official defendants enjoy sovereign immunity against all claims asserted by the Plaintiffs. [R. 5 at 3.] The Court notes, at the outset here, Ms. Jones and Mr. Jones maintain the burden of proving jurisdiction, however, they have filed no response to the motion by the Kentucky State Police. *RMI Titanium Co.*, 78 F.3d at 1134. The Eleventh Amendment prohibits a citizen from suing a state unless the state has waived sovereign immunity. This restriction extends even to federal § 1983 claims which originated in state court. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66–69 (1989). The Commonwealth of Kentucky has not expressly waived immunity in this situation or in any way consented to suit in this Court. [R. 5 at 7.] Such waiver or consent must be express and unequivocal in order to bypass immunity. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984). As an agency of the Commonwealth of Kentucky, the Kentucky State Police enjoys sovereign immunity under the Eleventh Amendment. *Pennhurst*, 465 at 100. Actions against state officials in their official capacity are also considered suits against the state, and thus also barred by the Eleventh Amendment. *Great Northern Life Ins. Co. v. Read*, 322 U.S. 47, 50–51 (1944); *see also Ford Motor Co. v. Dep't of Treasury of State of Ind.*, 323 U.S. 459, 349–50 (1945).

*Ex Parte Young* creates a narrow exception to the Eleventh Amendment, permitting injunctive action against a state official when the official has some connection with the enforcement of an unconstitutional act. 209 U.S. 123, 157 (1908). However, neither Ms. Jones nor Mr. Jones have requested any type of injunctive relief, and therefore, the *Ex Parte Young* exception does not apply here. Even if a § 1983 claim asserts a violation of the Constitution, the Eleventh Amendment completely bars a federal court from awarding damages against the state treasury. *Pennhurst*, 465 at 120. Accordingly, the Plaintiffs' § 1983 claim against the Kentucky State Police must be dismissed.

When a plaintiff asserts a § 1983 claim, the district court maintains supplemental jurisdiction to address state law claims related to those federal claims. *Voyticky v. Timberlake*, 412 F.3d 669, 674–75 (6th Cir. 2005). However, the constitutional bar under the Eleventh Amendment applies to supplemental state claims just as it applies to federal claims. *Pennhurst*, 465 at 120. As the Supreme Court has stated, "If we were to hold otherwise, a federal court could award damages against a State on the basis of a pendent claim. Our decision in *Edelman v. Jordan, supra*, makes clear that pendent jurisdiction does not permit such an evasion of the immunity guaranteed by the Eleventh Amendment." *Id*. at 120–21 (citing *Edelman v. Jordan*, 415 U.S. 651 (1974). Claims that state officials violated state law is a claim against the state, and here, Ms. Jones and Mr. Jones seek damages for such violations. *See id*. Therefore, the Plaintiffs' state law claims against the Kentucky State Police must also be dismissed for lack of subject matter jurisdiction.

### III

Though Ms. Jones alleges serious injury by the actions of a Kentucky State Trooper, sovereign immunity prevents the Court from awarding her or her husband any monetary relief from the Commonwealth of Kentucky or its agencies. Accordingly, the Kentucky State Police's Motion to Dismiss [**R. 5**] is **GRANTED** and all claims filed by Plaintiffs Sandra Jones and Barry Wesley Jones against Defendant Kentucky State Police are **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

This the 7th day of May, 2019.

Gregory F. Van Tatenhove
United States District Judge